Dear Mr. Guidry:
You have requested an opinion from our office relative to Louisiana's Dual Officeholding Laws, LSA-R.S. 42:61 et seq. Specifically, you ask the following:
 (1) May you serve as a police juror of St. Landry Parish and work full-time for the sheriff's office of that same parish?
 (2) May you simultaneously serve as a St. Landry Parish police juror and a police officer for a municipality within the same parish?
 (3) May you simultaneously hold the position of police juror for St. Landry Parish and work for another parish?
The pertinent provision to these inquiries is LSA-R.S. 42:63(D) which, in part states:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government in this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
In answer to your first question, the last sentence of this provision prohibits an individual from holding office with a parish governing authority, in this instance, the St. Landry Parish Police Jury, while holding employment with the St. Landry Parish Sheriff's Office.
Accordingly, it is impermissible for you to hold both of these positions simultaneously.
You also ask whether, as a police juror, you may be employed as a municipal police officer for a municipality with the same parish. This situation is permissible because the Parish of St. Landry and any municipality within that parish are separate governmental units. LSA-R.S. 42:63(D) only contemplates that both positions fall within the same political subdivision.
The same conclusion applies to the third part of your request. Service as an elected police juror for the Parish of St. Landry does not preclude you from employment in another parish of the state.
Note, however, that should any ethical questions arise regarding the positions at issue, we refer you to the Louisiana Commission on Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana 70809, for pertinent advice.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb